**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Oscar Garduno, ) | No. CIV 08-944-PHX-ROS (GEE) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Deputy Warden Bock; et al., ) | |
| Respondents. ) | |

On May 27, 2008, Albert Oscar Garduno, an inmate confined in the Arizona State Prison Complex in Florence Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.); [doc. #1] He argues his attorney rendered ineffective assistance by failing to convey a plea agreement to him during the plea bargain stage of his prosecution. Garduno subsequently pleaded guilty pursuant to a second, less favorable, plea agreement after firing his attorney and proceeding pro se. The respondents filed an answer, and the petitioner filed a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the Petition for Writ of Habeas Corpus. Garduno is precluded from raising this claim pursuant to *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973).

Summary of the Case

On July 23, 2003, Garduno pleaded guilty pursuant to a plea agreement to one count of sexual conduct with a minor and one count of attempted sexual conduct with a minor. (Respondents' answer, pp. 6-7.) On October 2, 2003, the trial court sentenced Garduno to the presumptive sentence of 20 years' imprisonment for sexual conduct with a minor and lifetime probation for attempted sexual conduct with a minor. *Id.*, pp. 7-8. His sentence of 20 years' imprisonment was the minimum available under his plea agreement. *Id.*

Garduno was representing himself at the sentencing, but advisory counsel informed the court that the state had earlier offered Garduno a more favorable plea agreement than the one Garduno eventually accepted. *Id.* Garduno maintained he did not have an opportunity to accept the earlier agreement because his counsel at that time failed to convey the agreement to him. *Id.* The trial court offered to let Garduno withdraw from his plea agreement, but he chose not to do so. *Id.*

On December 2, 2003, Garduno filed notice of post-conviction relief. *Id.* He claimed in his petition that his prior counsel rendered ineffective assistance by failing to convey a plea agreement to him which contained more favorable terms than the agreement he eventually accepted. *Id.*, p. 8. Garduno then attempted to dismiss this petition and file a second petition arguing statements he made to the victim during a phone conversation should have been suppressed. *Id.*, pp. 8-9. The trial court rejected the second petition but granted a hearing on Garduno's original ineffective assistance claim. *Id.*

The trial court found that the state had offered their original plea agreement to Garduno through his attorney, Steven Kunkle. (Respondents' answer, Exhibit X.) This offer was similar to the offer that Garduno eventually accepted but it allowed Garduno the full sentencing range for the one count of sexual conduct with a minor. *Id.* Under the original agreement, the court could impose any sentence from a mitigated sentence of 13 years, through the presumptive sentence of 20 years, to an aggravated term of 27 years. *Id.* Approximately one week after the offer was extended, the trial court granted Garduno's motion to fire Kunkle and proceed pro se. *Id.* At this point, Kunkle gave his file case, containing the plea agreement, to Garduno. *Id.* The

original plea agreement was eventually revoked by the state approximately two months later on February 3, 2003. *Id.*

The trial court concluded Kunkle was not ineffective. *Id.* The court found Garduno was aware of the plea agreement and did not accept it before it was revoked. *Id.* The court further found Garduno was aware of this issue when he eventually pleaded guilty and waived the issue in his plea agreement. *Id.* In the alternative, the court found Garduno was not eligible for a mitigated term, so his eventual sentence would not have changed had he accepted the state's first plea agreement. *Id.*

Garduno petitioned the court of appeals for review on September 1, 2006. (Respondents' answer, p. 12.) The court of appeals denied review on August 1, 2007. *Id.* The Arizona Supreme Court denied review on December 7, 2007. *Id.*, p. 13.

On May 27, 2008, Garduno filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.) He argues his attorney rendered ineffective assistance by failing to convey a plea agreement to him during the plea bargain stage of his prosecution. Garduno subsequently pleaded guilty pursuant to a second, less favorable plea agreement after firing his attorney and proceeding pro se.

The respondents filed an answer on September 15, 2008, arguing the claims are procedurally defaulted. In the alternative, the respondents argue Garduno's claim is not cognizable. Garduno filed a reply on October 14, 2008.

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ shall not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

- 3 -

28 U.S.C. § 2254.

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* "It is not enough that our independent review of the legal question leaves us with a firm conviction that the state court decision was erroneous." *Id.*

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court decision was "objectively unreasonable" *Id.*

Federal review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, the state courts must be apprised of the legal issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* The state courts have been given a sufficient opportunity to hear an issue

- 4 -

when the petitioner has presented the state court with the issue's factual and legal bases. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 348 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The respondents argue Garduno's claim is procedurally defaulted because the trial court found he waived this claim in his plea agreement.[1] They argue in the alternative that Garduno is precluded from raising this claim pursuant to *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973). The court finds the respondents' alternate argument is well taken. Accordingly, the court does not reach the issue of procedural bar.

The writ of habeas corpus is not available to remedy constitutional errors that occurred prior to the defendant's plea of guilty. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973). The Supreme Court explained this rule as follows:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett,* 411 U.S. at 267, 93 S.Ct. at 1608.

In this case, prior counsel's alleged error occurred before Garduno's guilty plea. Garduno was aware of the alleged error when he chose to plead guilty. He is precluded from seeking collateral relief in federal court for this alleged error.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus [doc. #1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 23rd day of October, 2008.

_____
Glenda E. Edmonds
United States Magistrate Judge

---

[1] *But see State v. Ward*, 211 Ariz. 158, 165 n. 5,118 P.3d 1122, 1129 n. 5 (App. 2005) ("In Arizona, a defendant cannot waive the constitutional right of appeal in a plea agreement.").