# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Albert Oscar Garduno, | ) | No. 08-cv-944-PHX-ROS |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Deputy Warden Bock, et al., | ) | |
| Respondents. | ) | |

On May 27, 2008, Petitioner Albert Oscar Garduno filed a Petition for Writ of Habeas Corpus (Doc. 1) Respondents filed an answer setting forth a number of affirmative defenses. (Doc. 12) The matter was referred to Magistrate Judge Glenda E. Edmonds for a Report and Recommendation ("R&R"). (Doc. 5) Magistrate Judge Edmonds recommends the petition be denied. (Doc. 14) For the following reasons, the Court will adopt the R&R in full and deny the petition.

Petitioner claims his attorney failed to convey a plea agreement whereby he would have been eligible to receive a thirteen year sentence. Petitioner alleges he did not learn of this offer until July 7, 2003, after it had been withdrawn by the prosecution. (Doc. 16 at 13 "I did not learn of the State's plea offered [sic] until July 7, 2003 . . . .") Despite learning of the prior offer, Petitioner pled guilty on July 23, 2003. (Doc. 12 Ex. I). In resolving

Petitioner's state post-conviction petition, the state court found that Petitioner *was* aware of the plea offer prior to it being revoked.

The R&R recommends the petition be denied based on the rule that a "writ of habeas corpus is not available to remedy constitutional errors that occurred prior to the defendant's plea of guilty." (Doc. 14 at 6) The United States Supreme Court has held that

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [not within the range of competence]. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner *does not* seek to challenge any defect in the advice he received regarding the guilty plea he entered. Rather, he argues he was deprived his constitutional right to effective assistance of counsel during the negotiation of the prior plea agreement. This is not a cognizable claim and the petition must be dismissed.[1]

Accordingly,

**IT IS ORDERED** the Report and Recommendation is **ADOPTED** and the Petition (Doc. 1) shall be **DISMISSED**.

DATED this 28th day of August, 2009.

_____
Roslyn O. Silver
United States District Judge

---

[1] Petitioner's claim also fails on its merits. The state court found that the prior plea offer had been communicated to Petitioner. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Petitioner has not presented clear and convincing evidence establishing the factual determination was erroneous. Therefore, there is no factual basis for Petitioner's claim that he received ineffective assistance of counsel regarding the prior plea offer.